**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| TYRONE CRAWFORD, | DOCKET NUMBER |
| Appellant, | DC-0752-15-0518-I-1 |
| v. | |
| FEDERAL RETIREMENT THRIFT INVESTMENT BOARD, | DATE: July 23, 2015 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Norman Jackman, Esquire, Cambridge, Massachusetts, for the appellant.

Dharmesh Vashee and Sivram D. Prasad, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The agency terminated the appellant from the excepted service position of Attorney Advisor during his trial period for inadequate performance. Initial Appeal File (IAF), Tab 7 at 14. The appellant appealed the agency's action. IAF, Tab 1. The administrative judge found that the appellant was not an employee with Board appeal rights because he was serving a probationary or trial period in the excepted service. IAF, Tab 9, Initial Decision.

¶3 In his petition for review, the appellant asserts that he has a constitutionally-protected property interest in his position and he has a right to notice and an opportunity to respond before he can be terminated, rights which the agency did not afford him. Petition for Review File, Tab 1.

¶4 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). Only an "employee," as defined under 5 U.S.C. chapter 75, subchapter II, can appeal to the Board from an adverse action such as a removal. *Barrand v. Department of Veterans Affairs*, 112 M.S.P.R. 210, ¶ 13 (2009); *see* 5 U.S.C. §§ 7511(a)(1), 7512(1), 7513(d). A nonpreference-eligible individual in the excepted service is an

"employee" within the meaning of 5 U.S.C. § 7511 only if he: (1) is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or (2) has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less. 5 U.S.C. § 7511(a)(1)(C)(i)-(ii).[2] Here is it undisputed that the appellant was not preference-eligible. Further, the record reflects that he was serving a trial period, and he had served in his position for less than 1 year. Thus, we find that he was not an employee and the Board does not have jurisdiction over his appeal. *Id*.

¶5      The appellant's assertion that he was improperly denied a constitutional right to due process because he had a property interest in his position is unavailing. The appellant's arguments that his termination did not comply with constitutional requirements are not within the Board's jurisdiction because he was not an "employee" with chapter 75 appeal rights at the time of his termination. *See McCarthy v. International Boundary & Water Commission*, 116 M.S.P.R. 594 ¶ 27 (2011), *aff'd*, 497 F. App'x 4 (Fed. Cir. 2012), *cert. denied*, 134 S. Ct. 386 (2013). Accordingly, we find that the administrative judge properly dismissed this appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

---

[2] As an individual appointed in the excepted service, the appellant has no regulatory right to appeal under 5 C.F.R. § 315.806, which applies only to individuals in the competitive service. *See Barrand*, 112 M.S.P.R. 210, ¶ 13. The agency's erroneous notice to the appellant that he had rights under 5 C.F.R. § 315.806 to appeal to the Board if he believed that the agency's action was taken based on his marital status or for partisan political reasons, could not expand the Board's jurisdiction. *See* IAF, Tab 7 at 14.

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.